■ HANS PFEIFFER, Respondent, v. EMPIRE MERCHANDISING CO., Appellant.— In an action to recover damages for personal injuries sustained by plaintiff in using a fisherman's knife which defendant had manufactured, based upon defendant's breach of its express warranty that the knife, because of its design, could not slip or turn in the hand of the user, defendant appeals from an order of the Supreme Court, Westchester County, dated June 14, 1968 and made after a $1,000 jury verdict for plaintiff, which *inter alia* granted plaintiff's motion to set aside the verdict as inadequate and directed a new trial solely on the issue of the amount of the damages, unless the parties stipulate to increase the verdict to $3,000. The parties did not so stipulate within the time limited in the order. Order affirmed, with costs to respondent. The question of defendant's liability was properly submitted to the jury (*Funk* v. *Kaiser-Frazer Sales Corp.*, 23 A D 2d 771; *Spiegel* v. *Saks 34th St.*, 43 Misc 2d 1065, affd. 26 A D 2d 660). The Trial Justice could properly set aside the verdict as inadequate and order a new trial solely on the issue of damages (*Meacham* v. *Parlett*, 25 A D 2d 701; CPLR 4404). Brennan, Acting P. J., Hopkins and Kleinfeld, JJ., concur; Rabin and Benjamin, JJ., dissent and vote to modify the order so as to grant a new trial on all issues, with the following memorandum: Plaintiff, an experienced fisherman, bought a hunting and fishing knife from defendant by mail order after reading an advertisement stating that the knife could not slip in the hand because of the design of its handle. Thereafter he cut his finger severely when the knife allegedly slipped in his hand while he was cutting and skinning blowfish. His medical bills and loss of wages, attributable to this accident, totaled about $671. The uncontradicted medical proof was that he had suffered a permanent 15% loss of use of his right hand. He sued defendant on the theory of breach of express warranty. The trial was short, its testimony covering only 43 pages of the printed record. After about an hour of deliberations, the jury asked for further instructions and then deliberated another two and a half hours without agreeing or even coming near to agreement. They were then confined for the night. The next morning they again asked for further instructions and then deliberated for almost another hour before finally reaching a 10 to 2 verdict for plaintiff in the sum of $1,000. The trial court then granted plaintiff's motion to set aside the verdict as inadequate and directed a new trial solely on the issue of the amount of damages. The majority in this court is affirming that order. We disagree. In our opinion it was improvident to direct a new trial only as to the amount of damages. The verdict for only $1,000, in the face of uncontradicted proof that plaintiff's special damages were $671 and that he had sustained a 15% permanent loss of use of his right hand, was so grossly inadequate that it is obvious that it was a compromise between those jurors who felt that plaintiff had not established defendant's liability and those jurors who felt that he had done so. This is borne out by the facts that the jury twice requested further instructions on the issue of defendant's liability and that it had to deliberate almost four and a half hours and be confined overnight before it could agree on any verdict after this simple, very short trial. What this indicates, of course, is that defendant's liability was, to say the least, dubious, and it took prolonged wrangling in the jury room and an overnight confinement before those jurors favoring a defendant's verdict could be induced to compromise their principles and vote for a token payment to plaintiff. Under these circumstances, it is improper to consider this verdict as a firm holding by the jury that defendant was liable and then to direct a new trial only as to the quantum of damages. In our opinion, what this verdict

shows is that defendant's liability was extremely doubtful and that some or perhaps many of the jurors were inclined towards a defendant's verdict. We therefore believe that defendant is entitled, if not to a dismissal, at least to a complete new trial of all the issues, including liability, and that only such a complete retrial will serve the ends of justice.